# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2548 | **DATE** | July 22, 2008 |
| **CASE TITLE** | David Thurman (B-36829) v. Terry L. McCann, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer to deduct $ 8.48 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Court dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee. The Clerk shall send Plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff David Thurman, currently an inmate at Stateville Correctional Center, is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 8.48. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff has named as defendants Terry L. McCann, the Warden of Stateville Correctional Center; Ed Butkiewicz, a counselor; Ami Workman, the grievance officer at Stateville; and C. Cannon, the publication review officer, and complains about a host of alleged constitutional violations: (1) On June 14, 2007, he filed a grievance about not being given cleaning supplies. He was never given the requested supplies; nonetheless, his grievance was denied. (2) On March 21, 2006, he complained that his toilet was on a 20-minute timer; the heater in his cell did not work; he was given one sheet instead of two and no pillow; lunches and dinners were served cold; he was ordered to remove a blanket he had put over the window because of the cold. Defendants denied his grievance. (3) On April 6, 2007, Plaintiff filed a grievance because a correctional officer refused to give him one of the new mattresses and pillows that had been received. Defendants denied his grievance. (4) On July 3, 2007, Plaintiff complained about a roach infestation. Defendants refused to investigate and denied his grievance. (5) On July 4, 2007, Plaintiff complained that laundry is not done when the institution is on lockdown. Defendants refused to investigate and denied his grievance. (6) On September 28, 2007, Plaintiff again complained about the roaches. He was told that F-House is sprayed once a month. Defendants refused to investigate and denied his grievance. (7) On July 8, 2007, Plaintiff grieved the unsanitariness of providing a bag of ice on the yard instead of providing a water cooler. Defendants denied his grievance. (8) On May 2, 2007, Plaintiff grieved the fact that the warden turned the water off for eight hours during a shakedown. Defendants denied his grievance. (9) On June 15, 2007, Plaintiff complained that he was not allowed audio/visual privileges, whereas other inmates were. Defendants denied his grievance. (10) On July 17, 2007, Plaintiff filed a grievance complaining that inmates in segregation were forced to buy more expensive hygiene items than inmates in general population. Defendants denied his grievance. (11) On September 28, 2007, Plaintiff filed a grievance complaining that F-House population was not allowed to purchase certain items from the store; not given night yard; not allowed to walk to chow; not allowed to attend religious services; and not given gym, school, and self-help programs. Defendants denied his grievance. (12) On February 28, 2007, Plaintiff filed a grievance complaining that cell house workers get three days of yard a week while he only got two days. Defendants denied his grievance. (13) On July 4, 2007, Plaintiff filed a grievance complaining that inmates were not allowed to go to facilities one hour each day. Defendants denied his grievance. (14) On January 6, 2007, Plaintiff filed a grievance complaining that the Publication Review Committee withheld three magazines that had been mailed to him. Defendants refused to hear his grievance.

The thrust of Plaintiff's complaint is that defendants failed to investigate his claims and denies his grievances, not that they were responsible for allegedly denying his constitutional rights. A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). This, however, is a consequence of the official's duty under federal law to prevent and remedy constitutional violations, not a duty to respond to grievances. There is no constitutional right to an institutional grievance procedure. Illinois statutes and regulations establishing the Department of Corrections' grievance procedures neither create a liberty interest under the Fourteenth Amendment's due process clause, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), nor, do they create a right to sue under state law. Any failure on the part of grievance officials to properly investigate Plaintiff's claims did not amount to a constitutional violation since the failure to investigate was not the cause of Plaintiff's injuries. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990). Plaintiff accordingly has no claim as to Defendants as to their role in denying Plaintiff's grievances.

**STATEMENT**

However, Plaintiff claims that defendant C. Cannon, as a member of the Publication Review Committee, withheld three magazines that had been mailed to him. Although further development of the facts may belie Plaintiff's claim that his First Amendment rights were violated, the Court will permit Plaintiff to submit an amended complaint as to this claim.

The Court notes that some of Plaintiff's other claims arguably could allege constitutional violations if Plaintiff named the defendant or defendants who allegedly violated his rights rather than the persons who denied his grievance. However, in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals examined a complaint brought by a prisoner asserting 50 claims against 24 defendants. The appellate court held that these should have been brought as separate actions because the defendants did not participate in the same transaction or series of transactions and a question of fact was not common to all defendants. *Id*. at 607. If Plaintiff wants to bring actions in regard to his other claims, then he must bring them as separate actions.

The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.

*[Signature: Marvin E. Aspen]*